UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES HEANEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CONVERGENT OUTSOURCING, INC., and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, JAMES HEANEY, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, CONVERGENT OUTSOURCING, INC., ("CONVERGENT") and JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CONVERGENT maintains a location at 800 SW 39TH Street, Suite #100, Renton, WA 98057.

8. Upon information and belief, CONVERGENT uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. CONVERGENT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent initial letters and/or notices from CONVERGENT, concerning a debt owed to Verizon Wireless, which included the alleged conduct and practices described herein.

- The class definition may be subsequently modified or refined.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

        15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*

  b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before June 5, 2019, Plaintiff allegedly incurred a financial obligation to VERIZON WIRELESS ("VERIZON").

16. The VERIZON obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The VERIZON obligation arose out of a transaction for personal purposes.

18. The VERIZON obligation did not arise out of a transaction for business purposes.

19. The VERIZON obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. VERIZON is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before June 5, 2019, the VERIZON obligation was placed with CONVERGENT for collection.

22. At the time VERIZON obligation was placed with CONVERGENT for collection, the VERIZON obligation was past due.

23. At the time VERIZON obligation was placed with CONVERGENT for collection, the VERIZON obligation was in default.

24. CONVERGENT caused to be delivered to Plaintiff a letter dated June 5, 2019, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A.**

25. The June 5, 2019, letter was sent to Plaintiff in connection with the collection of the VERIZON obligation.

26. The June 5, 2019, letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the June 5, 2019 letter in its entirety.

28. The June 5, 2019 stated in part on the front side:

> The above referenced creditor has placed your account with our office for collection.
>
> Sincerely,
>
> Convergent Outsourcing, Inc.
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
>
> NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.

29. The June 5, 2019 stated in part on the front side:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing at PO Box 9004, Renton, WA 98057 within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing at PO Box 9004, Renton, WA 98057 within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

30. The Section 1692g(a)(3),(4), and (5) of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debtor will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

32. Section 1692e(10) of the FDCPA prohibits a debt collector from using a false representation or deceptive means to collect to attempt to collect any debt.

33. Defendants knew or should have known that their actions violated the FDCPA.

34. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## **POLICIES AND PRACTICES COMPLAINED OF**

35. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

  (a) Using false, deceptive and misleading representations or means in connection with the collection of a debt; and

  (b) Failing to provide the consumer with a proper notice pursuant to 15U.S.C. §1692g(a)(3).

36. On information and belief, Defendants mass produce form letters/communications and has sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

37. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39. The June 5, 2019 letter fails to properly and effectively inform the least sophisticated consumer how to effectively dispute the VERIZON debt.

40. Upon reading the June 5, 2019 letter Plaintiff and others similarly situated would be confused and unsure of he must to to effectively dispute the debt.

41. The Section 1692g(a)(3) of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

42.     Defendants violated Section 1692g(a)(3) of the FDCPA by failing to informed Plaintiff what he must do to effectively dispute the debt, and prevent the debt collector from assuming the debt is valid.

43.     Because the June 5, 2019, letter provides a specific address of P.O. Box 9004, Renton, WA 98057, for the consumer to send a written dispute if he wants the debt collector to obtain verification of the debt or judgment and mail it to him, the least sophisticated consumer would be left unsure of what he must to dispute the debt and simply prevent the debt collector from assuming the debt is valid, if he is not seeking verification of the debt or a copy of a judgment.

44.     Because the June 5, 2019, letter provides a specific address of P.O. Box 9004, Renton, WA 98057, for the consumer to send a written dispute if he wants the debt collector to obtain verification of the debt or judgment and mail it to him, the least sophisticated consumer would be confused and unsure as to: (1) whether he can simply call the telephone number listed on the letterhead to dispute the debt and prevent the debt collector form assuming the debt is valid, if he is not seeking verification or a copy of a judgment; or (2) if he must also send a written dispute to dispute and simply prevent the debt collector from assuming the debt is valid, the debt even if he is not seeking verification or a copy of a judgment.

45.     Because the June 5, 2019, letter provides a specific address of P.O. Box 9004, Renton, WA 98057, for the consumer to send a written dispute if he wants to obtain the name and address of the original creditor, the least sophisticated consumer would be confused and unsure as to: (1) whether he can call the telephone number listed on the letterhead to dispute the debt and simply prevent the debt collector from assuming the debt is valid, if he is not seeking the name and address of the original creditor; or (2) if he must also send a written dispute to

dispute the debt and simply prevent the debt collector from assuming the debt is valid, even if he is not seeking the name and address of the original creditor.

46. Section 1692e(10) of the FDCPA prohibits a debt collector from using a any false representation or deceptive means to collect to attempt to collect any debt

47. Defendants violated 15 U.S.C. §1692e(10) of the FDCPA by including in its June 5, 2019 letter to Plaintiff misleading statements as to how he can effectively dispute the VERIZON debt and prevent Defendants from assuming the debt is valid.

48. Defendants' instructions in its June 5, 2019 letter to Plaintiff can be read to have two or more meanings, one of which is inaccurate.

49. Because the June 5, 2019, letter provides a specific address of P.O. Box 9004, Renton, WA 98057, for the consumer to send a written dispute if he wants the debt collector to obtain verification of the debt or judgment and mail it to him, the least sophisticated consumer would be confused and unsure as to: (1) whether he can simply call the telephone number listed on the letterhead to dispute the debt and prevent the debt collector form assuming the debt is valid, if he is not seeking verification or a copy of a judgment; or (2) if he must also send a written dispute to dispute and simply prevent the debt collector from assuming the debt is valid, the debt even if he is not seeking verification or a copy of a judgment.

50. Because the June 5, 2019, letter provides a specific address of P.O. Box 9004, Renton, WA 98057, for the consumer to send a written dispute if he wants to obtain the name and address of the original creditor, the least sophisticated consumer would be confused and unsure as to: (1) whether he can call the telephone number listed on the letterhead to dispute the debt and simply prevent the debt collector from assuming the debt is valid, if he is not seeking the name and address of the original creditor; or (2) if he must also send a written dispute to

dispute the debt and simply prevent the debt collector from assuming the debt is valid, even if he is not seeking the name and address of the original creditor.

51. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. <u>Graziano v. Harrison</u>, 950 F.2d 107, 112 (3d Cir. 1991). <u>Caprio v. Healthcare Revenue Recovery Group</u>, 709 F.3d 142 (3d Cir. March 1, 2013).

52. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

53. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

54. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

55. Plaintiff and others similarly situated were sent initial letters, which would have affected their decision-making with regard to the debt.

56. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

57. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants, as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

  (d) Awarding pre-judgment interest;

  (e) Awarding post-judgment interest.

  (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: July 29, 2019

           *s/ Joseph K. Jones*
           Joseph K. Jones, Esq.
           JONES, WOLF & KAPASI, LLC
           375 Passaic Avenue
           Fairfield, New Jersey 07004
           (973) 227-5900 telephone
           (973) 244-0019 facsimile
           *jkj@legaljones.com*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

           *s/ Joseph K. Jones*
           Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 29, 2019

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

ATERSO01
PO Box 1280
Oaks, PA 19456-1280
CHANGE SERVICE REQUESTED

**Convergent**

Convergent Outsourcing, Inc.
800 SW 39th St., Suite #100/PO Box 9004
Renton, WA 98057
Mon-Fri 7AM-8PM & Sat 8-12PM PT
855-277-1310

Date: 06/05/2019
Creditor: Verizon Wireless
Client Account #:
Convergent Account #:
Amount Owed:   $ 221.00
Total Balance:  $ 221.00

James J & James Heaney

The above referenced creditor has placed your account with our office for collection.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.

Questions about Convergent visit http://convergenthelp.com/

### 3 CONVENIENT WAYS TO PAY:

Pay Online: verizonwireless.com/paymybill

Pay by Phone: Please call Convergent Outsourcing, Inc. at 855-277-1310.

Pay by Mail: Send Payments to Verizon Wireless, PO BOX 660108, Dallas, TX 75266-0108.

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT.  BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

287677428
846ATERSO01B192

Convergent Phone #: 855-277-1310
Date: 06/05/2019
Creditor: Verizon Wireless
Client Account #: ███████████
Convergent Account #: ███████

B-84565426-B192
James J & James Heaney

Total Balance:    $ 221.00

Amount Enclosed: US _____

New Address:
Address: _____
City: _____ ST _____ Zip: _____
Daytime Phone: (____) _____-_____
Evening Phone: (____) _____-_____

Verizon Wireless
PO BOX 660108
Dallas, TX 75266-0108

Questions about Convergent visit http://convergenthelp.com/

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing at PO Box 9004, Renton, WA 98057 within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing at PO Box 9004, Renton, WA 98057 within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Notice about Electronic Check Conversion:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.